# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MICHAEL D. McCAIN, SR.,

      Petitioner,   :      Case No. 2:24-cv-4064

- vs -      District Judge Michael H. Watson
      Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

      :
      Respondent.

## ORDER ON REMAND

This habeas corpus case, brought *pro se* by Petitioner Michael D. McClain, Sr., is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *In re: Michael D. McClain, Sr.*, Case No. 24-3904 (Order of June 9, 2025; copy at ECF No. 6). The case was before the circuit court on this Court's Transfer Order (ECF No. 4) which found that the Petition as pleaded in this Court was a second or successive habeas petition which could not proceed without circuit court permission as provided in 28 U.S.C. § 2244(b).

After the transfer, Petitioner filed "a corrected motion for authorization, in which he raised several grounds for relief, which the circuit court "discern[ed] as follows:

> (1) the Ohio Supreme Court violated his constitutional rights by denying his petition for a writ of mandamus;
> (2) his sentence is unconstitutional because he does not know if or when he may be granted parole;

1

>  (3) he was unconstitutionally induced to plead guilty by the promise of parole;
>  (4) his prison classification, risk assessment, and intake information are inaccurate and unconstitutional;
>  (5) Ohio's sentencing and parole laws are unconstitutional; and
>  (6) the denial of parole constituted double jeopardy.

*McCain, supra*, at PageID 82.

To the extent McCain was attempting to raise claims that arose from facts which occurred before he filed his first habeas corpus petition in this Court (*McCain v. Sheldon*, Case No. 3:18-cv-00067, filed 03/05/2018), the circuit court held he had not satisfied the requirements of § 2244(b)(2) and denied him permission to proceed. *McCain, supra,* at PageID 82-83.

However,

> McCain's motion for authorization to file a second or successive habeas petition is unnecessary as to claims that arise out of his 2019 and 2024 parole hearings. See *In re Hill,* 81 F.3d 560, 567 (6th Cir. 2023)[1] (holding that a petition is not "second or successive" if the "events giving rise to the [new] claim[s] had not yet occurred" when the original petition was filed), cert. denied, 144 S. Ct. 2531 (2024); *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010). This includes claims that arise out of an adverse "parole determination . . . that occurred after the prisoner's initial petition was filed." *Jones*, 652 F.3d at 605-06. We recognize that some of these denial-of parole claims may be based only on state law or are non-cognizable or time-barred, but we leave those matters for the district court to sort out on remand. See *In re Jones*, 54 F.4th 947, 950 (6th Cir. 2022).

*McCain, supra,* at PageID 82.

This Court does not have before it a petition which includes only those claims which arise from McCain's 2019 and 2024 parole proceedings. So that the Court can be clear on the scope of its charge on remand, IT IS HEREBY ORDERED that Petitioner file an amended petition, on or before July 15, 2025, which conforms to the requirements of Rule 2 of the Rules Governing Habeas Corpus Proceedings and is limited to claims arising after his 2018 petition was filed, including any

---

[1] The correct citation is 81 F.4th 560.

claims arising from the 2019 and 2024 parole proceedings.

June 11, 2025.

s/ *Michael R. Merz*<br>
United States Magistrate Judge